**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30192 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00111-JCC-1 |
| v. | |
| ISAIAH THOMAS WILLOUGHBY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Isaiah Thomas Willoughby appeals from the district court's judgment and

challenges the five-month sentence imposed upon revocation of his supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Willoughby contends that the district court procedurally erred by failing to

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

calculate the Guidelines range on the record and to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that probation calculated the undisputed Guidelines range in its sentencing memorandum, and the district court imposed a sentence at the bottom of that range as recommended in the memorandum. Moreover, the district court fully considered Willoughby's arguments for a time-served sentence and explained why it was not persuaded by them. Although the court did not specifically reference the 18 U.S.C. § 3583(e) sentencing factors, its explanation reflects that it considered them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (district court is not required to "tick off" the sentencing factors, or "articulate in a vacuum how each [sentencing] factor influences its determination of an appropriate sentence"). On this record, Willoughby has not shown a reasonable probability that he would have received a lower sentence absent the alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

The government's unopposed motion to file Volume 2 of its supplemental excerpts of record under seal is granted. The Clerk will file publicly the motion to seal at Docket Entry No. 13-1, and will file under seal Volume 2 at Docket Entry No. 13-2.

**AFFIRMED.**

22-30192